UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR LAMOND JORDAN, SR., | Civil Action No. |
| Plaintiff, | No. 3:22 - CV - 701 (CSH) |
| v. | |
| DEPARTMENT OF CORRECTIONS, *ET AL.*, | MARCH 11, 2023 |
| Defendants. | |

**RULING ON MOTION TO AMEND AND/OR CORRECT
AMENDED COMPLAINT [Doc. 14] and MOTION TO GIVE NOTICE TO COURT OF
RULING ORDER AND JUDGMENT [Doc. 15]**

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

*Pro se* plaintiff, Victor L. Jordan, Sr., a prisoner currently housed in the Garner Correctional Institution ("Garner"), has filed the present action against the Connecticut Department of Correction ("DOC") and numerous individual defendants, alleging unconstitutional conditions of his confinement in Northern Correctional Institution ("Northern") in 2019 and 2020.[1]  The Court herein resolves two motions that remain pending after transfer of the case to this Court by Judge Covello. Following entry of this Ruling, the Court will screen the operative complaint under 28 U.S.C. § 1915A to determine whether it states any cognizable claims.

---

[1] In the original Complaint, Plaintiff named forty-two individual defendants.  In the current Amended Complaint, although he does not list them in his case caption, Plaintiff appears to name 19 individual defendants, suing them for acting both "individually and officially." Doc. 14, ¶ 7.

1

## II. DISCUSSION

**A. Motion to Amend and/or Correct Amended Complaint [Doc. 14]**

Plaintiff moves for leave to file his "Second Amended Complaint," representing that his proffered amendments correct clerical errors, such as naming defendants and correcting paragraph and page numbers. Although Plaintiff is not permitted to amend his complaint a second time "as a matter of course," Fed. R. Civ. P. 15(a)(1), the Court will grant his motion to amend, "freely giv[ing] leave," as "justice so requires," *id.*, 15(a)(2).

Before the case was transferred to this Court, in a "Ruling and Order, " entered July 22, 2022, Judge Covello dismissed the prior version of Jordan's "complaint . . . for failure to comply with Federal Rule of Civil Procedure 8." Doc. 13, at 27. However, treating the *pro se* Plaintiff with solicitude, Judge Covello also directed Jordan to "file his amended complaint within thirty days from the date of [that] order." *Id.* at 28. Jordan filed his motion to amend eleven days later. Doc. 14. Given these facts, it is clear that Judge Covello intended to grant Plaintiff leave to amend.

The leave to amend ultimately lies within the court's discretion, taking into account factors set forth by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under *Foman*, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought [to amend] should, as the rules require, be 'freely given.'" 371 U.S. at 182.

Given the case's early procedural stage, applying the *Foman* standard, Plaintiff has created no "undue delay" and has exhibited no "bad faith, dilatory motive ... or repeated failure to cure

deficiencies." *Id.* There is also no "undue prejudice" to Defendants, who have not yet been served. *Id*.

Under these circumstances, the Court finds that Plaintiff's motion to amend his complaint will be granted, subject to dismissal of any "futile" claims that the Court discovers during its analysis to issue its "Initial Review Order." *See, e.g., Dupas v. Mulligan*, No. 3:19-CV-1600 (CSH), 2022 WL 972423, at *2 (D. Conn. Mar. 30, 2022) ("grant[ing] Plaintiff's motion to amend his complaint, subject to dismissal of any 'futile' claims that the Court discovers during its contemporaneous analysis to issue the 'Initial Review Order'"), *reconsideration denied*, No. 3:19-CV-1600 (CSH), 2022 WL 1462225 (D. Conn. May 8, 2022).

Specifically, pursuant to 28 U.S.C. §1915A, the Court will undertake its duty to screen Jordan's amended complaint to "identify cognizable claims or dismiss the complaint, or any portion [thereof]" that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. §§ 1915A(b)(1)-(2). The Court will then file its "Initial Review Order" as a separate docket entry. Only then may any cognizable claim in the Amended Complaint proceed.

**B. Motion to Give Notice to Court of Ruling Order and Judgment [Doc. 15]**

*Pro se* plaintiff Jordan also moves to provide the Court with notice that he has not received a "Ruling and Order" [Doc. 13] issued by Judge Covello on July 22, 2022, in the present case. As noted on the case docket, this ruling had previously been entered incorrectly in another case Plaintiff filed in this District, *Jordan v. Saltzmann*, No. 3:21-cv-560 (AVC), on June 28, 2022, and mailed by the Clerk's Office to Jordan (at Garner) on that same date. *See Saltzmann*, No. 3:21cv560, Doc. 20. The Ruling was thereafter entered in the case at bar on July 22, 2022, unaltered but for

substitution of the corrected case caption. *See* No. 3:22-CV-701 (CSH), Doc. 13. As discussed above, in that Ruling, Judge Covello dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8, but allowed Plaintiff to amend his complaint "within thirty [30] days from the date of [that] order." *Id.* at 27-28.

Eleven days later, Jordan filed his motion to amend and proposed Second Amended Complaint in the case at bar. Doc. 14. In his motion papers, Jordan admitted that he was aware of Judge Covello's Ruling [Doc. 13] and its contents. Doc. 14, at 3. Jordan explicitly stated that he believed that based on the "subject matter and facts" discussed in Judge Covello's order entered "on the 28th of June, 2022," the order had been entered as "a clerical error" in a "separate claim Plaintiff has pending, *Saltzmann, et al.*, Case No. 3:21-CV-560 (AVC)." Doc. 14, at 3. With that error "in mind," Jordan "file[d] this amended complaint" in the present case. *Id.* Given Jordan's knowledge of Judge Covello's Ruling [Doc. 13] and the fact that it pertained to the case at bar, the Court finds his motion regarding lack of notice of that ruling to be moot.[2]

Jordan further represents that he did not receive a copy of the summary judgment ruling in another case, *Jordan v. Gifford*, No. 3:19-cv-1628 (CSH), but rather only received a digital receipt of that ruling. *See* Doc. 15, at 3. At the outset, Plaintiff is advised that he has filed his motion regarding notice of the *Gifford* ruling on the wrong case docket. The motion pertains to a document filed in *Gifford*, rather than any filing in the present case, *Jordan v. DOC*, No. 3:22-CV-701 (CSH). In any event, Plaintiff's motion regarding lack of notice is moot.

---

[2] In addition, as described below, pursuant to this District's "Prisoner Electronic Filing Program," Plaintiff should have received an electronically generated "Notice of Electronic Filing" or "NEF" upon entry of Judge Covello's "Ruling and Order" [Doc. 13] in the present case. That NEF would have included the notation, "Ruling was previously incorrectly entered in 21cv560."

4

The Court clarifies that the first summary judgment order filed in *Gifford* was Judge Bolden's order [Doc. 66] that was erroneously entered on that case's docket on March 11, 2022. Judge Bolden had intended to file that summary judgment ruling in *Jordan v. Cook*, No. 20-CV-491 (VAB). The Clerk's office then noted that Judge Bolden's *Cook* order had been "entered in error" on the *Gifford* docket, which automatically generated a "Notice of Electronic Filing" ("NEF") that Jordan would have received. *See Gifford*, No. 3:19-CV-1628, Doc. 66 (Notice dated March 11, 2022). Because Judge Bolden's order had been entered erroneously, the "Docket Entry Correction" [Doc. 67], also filed March 11, 2022, further stated that the defendants' motion for summary judgment [Doc. 55] "remains pending."

Thereafter, this Court entered its own Ruling [Doc. 69] on the *Gifford* summary judgment motion [Doc. 55] on August 4, 2022; and, as denoted, the Clerk's Office mailed a copy of that ruling to Jordan at Garner on August 16, 2022. Plaintiff has thus received notice that Judge Bolden's order was entered in error [Doc. 66], as well as digital notice and a hard copy of this Court's correctly-filed ruling on that motion [Doc. 69].

It is understandable that Plaintiff may have become confused by the incorrect entry of orders on his various case dockets and/or grew concerned about possible delays in receiving mailed copies. However, erroneous entries on other case dockets are inapposite for purposes of this case and any brief delay of days in Clerk's Office staff's mailing of copies has long since passed.

With respect to notice of filings, Plaintiff is apprised that pursuant to this District's "Standing Order on Prisoner Electronic Filing Program," correctional staff at the relevant facility will "print all NEFs they receive" for all of Plaintiff's cases "and provide [these NEFs] to [him] as

5

proof that the documents have been filed with the Court," ¶ 6.³  Also, if Defendant(s) e-file a document in one of Plaintiff's cases, Defendant(s) will send a copy of said document to Plaintiff "by U.S. Mail," ¶ 7. In short, Plaintiff should receive an NEF each time a document is filed in one of his cases.  Thereafter, a mailed hard copy of the actual filing will shortly follow, sent either by the Defendant(s) who filed the document or by the Court (Clerk's Office), in the case of a ruling.

In summary, any claim that Plaintiff has received lack of notice of any summary judgment ruling in *Gifford,* No. 3:19-CV-1628 (CSH)*,* is moot.  Plaintiff has filed his present motion regarding lack of notice in the wrong case.  The substance of the motion pertains to a ruling in *Jordan v. Gifford* – not to any filing in the case at bar, *Jordan v. DOC*, No. 3:22-CV-701 (CSH).  Furthermore, even if Jordan had properly filed his motion in *Gifford* and had asserted that he lacked receipt of the correct summary judgment ruling [Doc. 69], his motion remains moot.  There is no relief to be granted at this time.  After this Court entered its ruling [Doc. 69], Plaintiff received a copy of the NEF and the ruling by mail.⁴

Plaintiff is urged to consult with correctional staff regarding any NEFs he believes he has not received and/or any mail he thinks may be missing regarding his cases.  He may then move *in the proper case* for a copy of a particular order if he did not receive it.  In addition, the Clerk of the

---

³ *See* CTAO-16-21, "Standing Order on Prisoner Electronic Filing Program," at ¶¶ 6-7, www.ctd.uscourts.gov/sites/default/files/forms/Prisoner%20efiling%20standing%20order.pdf.

⁴ Both the *Cook* and *Gifford* case dockets indicate that hard copies of all summary judgment orders were mailed to Plaintiff at his then addresses of record, Cheshire and Garner correctional facilities, respectively.  The case docket in *Cook*, No. 3:20-CV-491 (VAB), indicates that Judge Bolden's "Order granting Summary Judgment" [Doc. 57] was entered on March 11, 2022, and mailed to Jordan at "Cheshire Correctional Institution" on March 17, 2022.  The case docket in *Gifford*, No. 3:19-CV-1628 (CSH), reflects that Clerk's Office staff "mailed NEF #69 and attached PDF to Victor L[.] Jordan, Sr." at Garner on August 16, 2022.

Court is directed to promptly mail hard copies of any future rulings by the Court to Plaintiff at his address of record.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file his "Second Amended Complaint" [Doc. 14] is GRANTED, subject to dismissal of any "futile" claims that the Court discovers during its analysis to issue its "Initial Review Order" pursuant to 28 U.S.C. § 1915A. The Clerk is directed to docket the Second Amended Complaint [Doc. 14], the operative complaint, as a separate entry on the case docket.

Plaintiff's motion to alert the Court [Doc. 15] that he lacks notice of rulings is DENIED AS MOOT. Plaintiff admitted in his current motion to amend [Doc. 14] that he knew the contents of Judge Covello's ruling [Doc. 13] in the case at bar, which had previously been incorrectly entered in *Saltzmann*. *See* Doc. 14, at 3; *see also Saltzmann*, No. 3:21cv560, Doc. 20. Plaintiff bore the "clerical error" of the erroneous filing "in mind" when filing his motion to amend his complaint. Doc. 14, at 3.

Furthermore, with respect to notice of summary judgment rulings in *Gifford*, No. 3:19-CV-1628 (CSH), Plaintiff's motion was filed on the wrong case docket. The motion potentially pertains to the erroneous filing of Judge Bolden's *Cook* ruling [Doc. 66] and/or this Court's correctly-filed ruling [Doc. 69], both in *Gifford*. However, neither ruling is relevant to the case at bar.

Moreover, per the Court's electronic filing system, Jordan should have automatically received the NEF in *Gifford* that indicated that the *Cook* ruling had been "entered in error" on that case docket. *See Gifford*, No. 3:19-CV-1628, Doc. 66 (Notice dated March 11, 2022). He should have also received the NEF of this Court's summary judgment ruling [Doc. 69], when it was entered

on August 4, 2022, as well as a hard copy, mailed by the Clerk's Office on August 16, 2022. Plaintiff has thus received a copy of the correct ruling on that motion. Accordingly, the Court DENIES AS MOOT Plaintiff's motion regarding lack of notice [Doc. 15] in its entirety.

    It is SO ORDERED.

    Dated: New Haven, Connecticut
          March 11, 2023

                                      */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge